DICKINSON, Presiding Justice,
concurring in part and dissenting in part:
¶ 50. I agree with much of the majority’s analysis and with its conclusion that this case must be remanded for a hearing and determination of whether the Hum-phreys County Board of Supervisors wrongfully removed signatures from the petition. But for two reasons, I strongly disagree with the majority’s statement that “it appears to this Court that no legal purpose could be served by declaring a paid tax anticipation note void....”[5]
*1042 ¶ 51. First, if the majority truly has concluded that there could be “no legal purpose,” why are we are remanding the case? It seems ,to me a bit presumptuous for my friends in the majority to conclude gratuitously that, just because a note subject to..statutory requirements has been repaid, there can be no legal consequences to those who .violated a statute in issuing it. That issue was not raised, argued, or briefed by any party. Also, I doubt such an argument would work for a bank teller who “borrowed” money from the till and paid it back the next day.
¶ 52; What is more, the majority fails to consider that its “no legal purpose” conclusion' serves as quite a dangerous precedent. Tax anticipation notés frequently are used by political subdivisions to make short-term loans in anticipation of revenues they anticipate receiving in a few months. The Legislature has set forth strict legal limits for these loans.[6] If, after these loans are repaid in a few months, there would be “no legal purpose” for a taxpayer or petitioner to challenge their legality, the statute requiring a public referendum is stripped of any purpose. Stated another way, today’s majority stands as precedent for counties to borrow money and then pay it back, rendering any legal challenge fruitless because, as the majority puts it, there is “no legal purpose” in doing so.
¶ 53. Finally, I cannot agree with the majority’s conclusion that on remand, “the chancellor should determine the effect of the Board’s satisfaction of the note on the disposition of this case.”[7] That is a question of law that this Court should decide. And in my view — as a matter of law, and for the reasons stated above — repayment of the note should have no effect whatsoever on the disposition of this case. The disposition of this case should be a determination by the trial court of whether or not the county violated the law in issuing the note. If so, the validation should be reversed, and the chips should fall where they may. For these reasons, I respectfully concur in part and dissent in part.
LAMAR AND COLEMAN, JJ., JOIN THIS OPINION.7.

. Maj. Op. at ¶ 47.

. See Miss.Code Ann. § 19-9-27 (Rev.2012); Miss.Code Ann. § 31-13-5 (Rev.2010); Miss. Code Ann, § 31-13-7 (Rev.2010); Miss.Code Ann. § 27-39-303 (Rev.2010); Miss.Code Ann. § 27-39-317 (Supp.2015); Miss.Code Ann. § 11-51-75 (Rev,2012)

. Maj. Op. at ¶ 47.